**The STATE of Ohio, Appellee,**

**v.**

**HENDERSON, Appellant.**

[Cite as *State v. Henderson* (1991), 76 Ohio App.3d 290.]

Court of Appeals of Ohio,
Clermont County.

No. CA90–10–104.

Decided Nov. 12, 1991.

*Donald W. White,* Prosecuting Attorney, and *David H. Hoffmann,* Assistant Prosecuting Attorney, for appellee.

*Peter J. Strasser,* for appellant.

---

WALSH, Judge.

Defendant-appellant, Jerry Wayne Henderson, appeals his convictions of gross sexual imposition in the Clermont County Court of Common Pleas.

On October 26, 1989, the Clermont County Grand Jury indicted appellant on two counts of gross sexual imposition in violation of R.C. 2907.05 and one count of felonious sexual penetration in violation of R.C. 2907.12. Count Two of the indictment maintained that appellant purposely compelled his then thirteen-year-old daughter ("the victim"), to submit by force or threat of force to sexual contact on September 9, 1989. The count stemmed from an incident at the residence of the victim's grandmother where appellant allegedly fondled the victim's breast and touched the inside of the victim's thigh.

To establish the element of force or threat of force, the victim testified about a past episode of appellant's sexual misconduct which occurred seven or eight years previously when the victim was five or six years old. According to the victim, after appellant bathed her, appellant took off his clothes, laid down beside the victim and instructed the victim to fondle his penis. Appellant also told the victim he wanted to show her "how babies were born." The state maintained that the fear experienced by the victim from this incident compelled the victim to submit by force or threat of force to appellant's sexual contact in the present case. Over objections, the court admitted the testimony and instructed the jury to consider the testimony for the limited purpose of determining whether the element of force, or threat of force, had been established. The jury subsequently returned guilty verdicts on both gross sexual imposition counts.[1]

In a timely appeal, appellant submits the following for review:

Assignment of Error No. 1:

"The trial court erred to the substantial prejudice of the defendant-appellant in permitting over defense objections testimony from the child that indicated other acts, to wit, prior sexual misconduct of the defendant in respect to her, that occurred seven or eight years prior to the events on trial."

Assignment of Error No. 2:

---

1. The court dismissed the felonious sexual penetration count prior to trial.

"The evidence in support of the element of force as to count two upon proper exclusion of other acts testimony is nonexistent and therefore the defendant-appellant's conviction thereon is contrary to the manifest weight of the evidence."

Assignment of Error No. 3:

"The trial court's admission of unsubstantiated claims of prior remote sexual mischief with a five or six year old girl deprived the defendant of a fair trial, his rights to due process and his rights to the equal protection of the law."

In his first assignment of error, appellant contends that evidence of his sexual misconduct seven or eight years ago is too remote in time to be admissible.

As a general rule, evidence of previous or subsequent criminal acts, wholly independent of the charges for which an accused is on trial, is inadmissible. *State v. Hector* (1969), 19 Ohio St.2d 167, 48 O.O.2d 199, 249 N.E.2d 912. "Prior act" evidence is not permissible when offered to demonstrate a trait, disposition, or propensity toward the commission of a certain type of crime. *State v. Lytle* (1976), 48 Ohio St.2d 391, 401–402, 2 O.O.3d 495, 500–501, 358 N.E.2d 623, 629–630. Exceptions to this rule are codified in Evid.R. 404(B), which provides:

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

This rule is in accord with R.C. 2945.59, which states:

"In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."

Because Evid.R. 404(B) and R.C. 2945.59 are in derogation of the common law in respect to evidence of other acts of wrongdoing, they are construed against admissibility and the standard for determining admissibility of such evidence is strict. *State v. Burson* (1974), 38 Ohio St.2d 157, 158–159, 67 O.O.2d 174, 174–175, 311 N.E.2d 526, 528–529.

For evidence of a prior act to be admissible under these two provisions, the evidence must be relevant to proving guilt of the offense in question. *State v. Gardner* (1979), 59 Ohio St.2d 14, 13 O.O.3d 8, 391 N.E.2d 337; *State v. Snowden* (1976), 49 Ohio App.2d 7, 3 O.O.3d 92, 359 N.E.2d 87. Further, the prior act must not be too remote and must be closely related in nature, time, and place to the offense charged. *Burson; Snowden.* A prior act which is " * * * too distant in time or too removed in method or type has no permissible probative value." *Snowden, supra,* 49 Ohio App.2d at 10, 3 O.O.3d at 94, 359 N.E.2d at 91.

In *State v. Chapman* (1959), 111 Ohio App. 441, 15 O.O.2d 19, 168 N.E.2d 14, the victim testified that the defendant had had relations with her eight years prior to the time complained of in the indictment. The court found that the isolated act was too remote in time to be admissible under R.C. 2945.59, and also found the evidence inadmissible because the act took place in an entirely different setting and time. See, also, *State v. Strobel* (1988), 51 Ohio App.3d 31, 554 N.E.2d 916 (testimony of acts occurring thirteen and twenty-six years prior to the time of the trial held too remote to be admitted under Evid.R. 404[B] or R.C. 2945.59).

This case differs, however, in that the state does not argue that evidence of appellant's prior sexual misconduct is admissible under Evid.R. 404(B) or R.C. 2945.59. Rather, the state maintains that evidence of appellant's "prior act" is permissible to show the element of force in a sexual case since the prior act included and involved the same victim. To support this proposition, the state directs our attention to *State v. Colvin* (Aug. 16, 1989), Hamilton App. No. C–880430, unreported, 1989 WL 92095. There, the court determined that evidence of the defendant's prior acts of sexual abuse and violence toward his stepdaughter and other family members was admissible to show that the victim's (the defendant's stepdaughter) fear of the defendant compelled her to submit by force to the defendant's rapes.

Without addressing the merits of the *Colvin* decision, we find that the prerequisites necessary to admit "prior act" evidence under Evid.R. 404(B) and R.C. 2945.59 are also applicable when like evidence is used to prove the element of force or threat of force on an unrelated charge. The adoption of this rule of law is consistent with precedent which construes "prior act" evidence strictly against admissibility due to the disproportionate weight juries attach to such evidence. In *Hector, supra,* 19 Ohio St.2d at 174–175, 48 O.O.2d at 203–204, 249 N.E.2d at 916–917, the Supreme Court noted: "The average individual is prone to much more readily believe that a person is guilty of the crime charged if it is proved to his satisfaction that the defendant has committed a similar crime." Echoing the same concern, the

Cuyahoga County Court of Appeals has recognized: "Jurors might easily conclude that a person who once committed a [crime] has a propensity to commit another [crime]." *State v. Williams* (1988), 55 Ohio App.3d 212, 214, 563 N.E.2d 346, 348. Summarizing the impact of "prior act" evidence, the court in *Snowden, supra,* 49 Ohio App.2d at 15, 3 O.O.3d at 97, 359 N.E.2d at 93, wrote that evidence of this nature "contains, at the least, an inherent potential for prejudice."

While the Supreme Court has increasingly recognized the utility of "prior act" evidence, *State v. Jamison* (1990), 49 Ohio St.3d 182, 552 N.E.2d 180, this court does not believe this trend authorizes the sweeping admission of such evidence. See *State v. DeMarco* (1987), 31 Ohio St.3d 191, 31 OBR 390, 509 N.E.2d 1256. Common sense dictates that the dangers inherent in the introduction of "prior act" evidence remain the same no matter which theory, statutory provision or rule is used to support admission. To reduce the severity of these dangers, evidence of a defendant's past actions should be subjected to an analysis to determine the permissible probative value of the evidence. For this reason, the prerequisites used to decide admissibility under Evid.R. 404(B) and R.C. 2945.59 are pertinent in the case at hand.

■ Upon applying these prerequisites to the "prior act" testimony in the present case, we agree with the court in *Chapman,* and find that evidence of an act of sexual misconduct which occurred seven or eight years ago is simply too remote to be admissible. As a result, the evidence had no permissible probative value and was improperly admitted.

■ Our decision finding the evidence inadmissible is further prompted by another more fundamental concern: the quality of the evidence. In order for evidence of a prior act to be admissible, there must be substantial evidence that the accused committed the act. *State v. Carter* (1971), 26 Ohio St.2d 79, 55 O.O.2d 130, 269 N.E.2d 115. In the case *sub judice,* the victim did not tell anyone about appellant's sexual misconduct at the time the misconduct allegedly occurred. It is ironic to note that even if the victim had told the authorities about the incident and criminal charges were brought against appellant at that time, the victim's age would have probably precluded her from testifying. Moreover, no other witness testified at the trial about the prior incident. Uncorroborated and unsubstantiated evidence of this nature is fraught with danger and falls far short of substantial proof that appellant committed the prior act. As a result, the use of questionable evidence about appellant's past sexual misconduct to prove an element of an unrelated charge was not permissible.

Based on the foregoing, we find the trial court erroneously admitted evidence of a prior act of appellant to prove an element of gross sexual imposition. As a consequence, the first assignment of error is well taken.

■ Appellant's second assignment of error maintains that the state's failure to prove the element of force or threat of force renders his conviction against the manifest weight of the evidence. A reviewing court will not reverse a jury verdict where there is substantial evidence upon which a jury could reasonably conclude that all elements of an offense have been proven beyond a reasonable doubt. *State v. Eley* (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132.

The state elicited evidence of appellant's prior act to prove the element of force or threat of force necessary under the gross sexual imposition charge in Count Two. Upon a review of the record, we find no other substantial evidence was offered to establish the element. Having found the court erroneously admitted the evidence intended to prove the element, it follows that the state failed to prove a material element of gross sexual imposition beyond a reasonable doubt. Thus, appellant's conviction cannot stand. The second assignment of error is sustained.[2]

■ In his third assignment of error, appellant argues that the erroneous admission of his alleged prior sexual misconduct violated his due process and equal protection rights and deprived him of a fair trial. In essence, appellant argues that the prejudicial effect of the evidence on the jury warrants a reversal on the remaining gross sexual imposition conviction.

Although we have determined that the court improperly admitted evidence of appellant's prior act, we find no merit to the argument that the admission of the evidence amounted to a violation of appellant's constitutional rights. The court properly instructed the jury to consider the evidence solely for "the issue of whether or not force or threat of force is established in this case and for no other purpose." By providing this limiting instruction, the court sufficiently prevented the erroneously admitted evidence from influencing the jurors' decision on the remaining count. For this reason, we find no violation of appellant's constitutional rights. As a result, the third assignment of error is overruled.

Judgment as to appellant's conviction under Count Two is hereby reversed and this cause is remanded for further proceedings according to law and not inconsistent with this opinion.

*Judgment reversed.*

JONES, P.J., and KOEHLER, J., concur.

---

**2.** Our decision to sustain the assignment of error pertains only to the conviction of the gross sexual imposition charge contained in Count Two of the indictment.