OPINION
Defendant John White appeals a judgment of the Court of Common Pleas of Licking County, Ohio, which convicted and sentenced him for one count of rape in violation of R.C. 2907.02, after a jury trial. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED HARMFUL ERROR IN RULING THAT THE STATE OF OHIO MAY INTRODUCE EVIDENCE OF THE DEFENDANT-APPELLANT'S PRIOR SEXUAL CONTACT WITH THE ALLEGED VICTIM HEREIN.
The record indicates appellant was charged with two counts of rape of his step-daughter, age approximately ten years old. The alleged victim delayed in reporting the incident to her mother because she alleged appellant had threatened to kill her if she did so. At trial, the victim admitted at first she had only claimed appellant had tried to molest her, but after she and her family had moved out of his home, the victim informed her mother the appellant had actually forcibly put his penis into her mouth. She testified it had happened on many previous occasions.
Appellant agreed to submit to a polygraph examination, and the examiner offered his expert opinion, based on a reasonable degree of scientific certainty, that appellant was not truthful with respect to whether or not he had ever inserted his penis into the child's mouth.
Appellant took the stand in his own behalf and denied all the allegations.
Prior to trial, the court conducted a hearing pursuant to R.C. 2907.02, the rape shield act.
R.C. 2907.02 provides in pertinent part:
 Evidence of specific instances of the defendant's sexual activity, opinion evidence of the defendant's sexual activity, and reputation evidence of the defendant's sexual activity shall not be admitted under this section unless it involves evidence of the origin of semen, pregnancy, or disease, the defendant's past sexual activity with the victim or as admissible against defendant under Section 2945.59 of the Revised Code, and only to the extent the court finds evidence is material to fact at issue in the case, and that its inflammatory or prejudicial in nature does not outweigh its probative value. "
In response to appellant's discovery request, the State filed a notice of intent to produce testimony concerning the appellant's prior sexual conduct with the victim and his prior conviction for attempted rape as a result of the prior sex acts. The court suasponte held a hearing pursuant to R.C. 2907.02. The State of Ohio asserted the victim should be permitted to testify concerning the defendant's past sexual acts with her because it would explain her delay in reporting the incident to the authorities. The defense intended to argue to the jury the charges were fabricated as a result of a domestic dispute between the victim's mother and the appellant. Thus, the State wished to introduce testimony the child had previous experience of reporting molestation, and she knew there would be a Children Service investigation, police investigation, and grand jury testimony, all of which caused embarrassment. In addition, the State wished to present evidence the victim was afraid she would be removed from the home, and the appellant would have greater access to her younger sister.
The trial court found if the defendant placed in issue at trial the possible motive for delay in reporting the incident, and the motivation behind the delay, as material to a fact in issue.
Appellant urges the court's ruling is contrary to law, and illogical. He urges the admission of the evidence of the prior incident invites the jury to leap to the conclusion the appellant has the propensity to commit this crime, and thus, the evidence was far more prejudicial than it was probative. Appellant cites us to State v. Henderson (1991), 76 Ohio App.3d 290, wherein the Court of Appeals for Claremont County held it was error to introduce evidence of a prior incident of molestation by the same offender against the same victim which had occurred five or six years prior to the offense charged. The State maintained the prior act evidence was admissible because it was probative of the fear the victim felt in connection with the current incident. The Court of Appeals for Claremont County found the evidence was far more prejudicial than it was probative, and thus its admission violated Evid.R. 404(B).
We have reviewed the Henderson case, and we find it clearly distinguishable from the case at bar. In Henderson, there was uncorroborated and unsubstantiated testimony from the victim the defendant had engaged in an act of sexual misconduct with her seven or eight years earlier. The State argued the evidence was admissible because the fear experienced by the victim from the prior incident constituted the threat of force which compelled her to submit to the present sexual advance. The Henderson court found the prior act was too remote, and had no permissive probative value.
In State v. Bonham (July 21, 1997), Licking App. No. 96CA121, unreported, this court found evidence of prior sexual activity between the defendant and the victim may be admitted under certain circumstances. We found the evidence could establish the general setting of the actions which were alleged in the indictment, the use of threat or force, and the delay in reporting, Bonham, supra,
citing State v. Fenton (1990), 68 Ohio App.3d 412.
We find the trial court did not err in finding the evidence of appellant's past sexual activity with the victim was material to an issue in the case, and also, the prejudicial nature does not outweigh the probative value of the evidence. Accordingly, the trial court did not err in permitting the State to present this evidence.
The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed, and the cause is remanded to that court execution of sentence.
By Gwin, J., Farmer, P.J., and Wise, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.