DECISION AND JUDGMENT ENTRY
Charles R. Craig, Jr., appeals his conviction for child endangerment by the Gallipolis Municipal Court and raises the following assignments of error:
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED PREJUDICIAL ERRORIN ADMITTING TESTIMONY THAT APPELLANT BEAT HIS OTHER CHILDREN AND THAT THERE WAS A PATTERN OF SUCH ABUSE.
 SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED PREJUDICIAL ERRORIN ALLOWING THE STATE TO CONTINUALLY USELEADING QUESTIONS IN ITS' (SIC) EXAMINATIONOF WILLIAM ATWOOD AND TO SOLICIT TESTIMONYON ITS' (SIC) REDIRECT, WHICH WAS NEVER RAISED BY THE STATE ON ITS' (SIC) DIRECTEXAMINATION, OR RAISED BY DEFENSE COUNSELON CROSS EXAMINATION.
 THIRD ASSIGNMENT OF ERROR
 THE STATE FAILED TO DISCLOSE EVIDENCE TO APPELLANT THAT A TEACHER WAS PRESENT DURINGTHE QUESTIONING OF MATTHEW, THUS DENYINGAPPELLANT THE OPPORTUNITY TO CALL THAT TEACHER AS A WITNESS.
 FOURTH ASSIGNMENT OF ERROR
 THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE FINDING OF GUILTY BY THE TRIAL COURT.
Finding no merit in these assigned errors, we affirm the judgment of the trial court.
In November, 2000, Bidwell-Porter Elementary School called Linda Nibert of Gallia County Children's Services to report the suspected child abuse of a student, Donovan Atwood. Nibert requested Officer Lisa Harmon of the Gallia County Sheriff's Department to accompany her on the investigation. When interviewed at school, Donovan indicated to both Nibert and Harmon that appellant, his step-father, had beaten him with a belt that morning and bloodied his nose. The next day, Nibert and Harmon went back to the school to speak with the other Atwood children, William and Robert. William stated that the children "get a whipping" almost every day. Upon checking the boys for bruises or marks, Nibert and Harmon observed severe bruises across the buttocks of Robert Atwood. They took photographs of the bruises. Next, Nibert and Harmon proceeded to appellant's home to follow up on their investigation. However, appellant denied that he had inflicted any bruises upon Robert.
In December, 2000, Officer Harmon again questioned appellant concerning Robert's bruises. In that interview, appellant stated that he believed he had spanked Robert with a belt on the dates in question. Harmon charged appellant with child endangerment, a violation of R.C. 2919.22(A) for creating "a substantial risk to the health or safety of * * * Robert M. Atwood, by violating a duty of care, protection, or support." Following a bench trial, the court found appellant guilty. Appellant filed a timely notice of appeal.
In his first assignment of error, appellant argues that the trial court erred by admitting evidence of his character "under Evidence Rule 401(B)." However, since Evid.R. 401(B) does not exist and Evid.R. 404 pertains to the admissibility of character evidence, we assume appellant meant to refer to Evid.R. 404(B).[1] Appellant's argument focuses on the introduction of testimony by one of the children, William Atwood, that appellant beat him and the other boys almost every day. The state argues that the trial court properly admitted the testimony to show absence of mistake or accident and opportunity.
Our standard of review is the well-recognized rule that the admission of evidence is within the sound discretion of the trial court. State v.Sage (1987), 31 Ohio St.3d 173, 510 N.E.2d 343, paragraph two of the syllabus. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. Franklin Cty. Sheriff'sDept. v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 498, 506,589 N.E.2d 24, 30; Wilmington Steel Products, Inc. v. Cleveland Elec.Illuminating Co. (1991), 60 Ohio St.3d 120, 122, 573 N.E.2d 622, 624. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In reJane Doe 1 (1990), 57 Ohio St.3d 135, 138, 566 N.E.2d 1181, 1184, citingBerk v. Matthews (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301, 1308.
In general, evidence of prior bad acts is not admissible for the purpose of proving the accused acted in conformity with that character on a particular occasion. State v. Treesh (2001), 90 Ohio St.3d 460, 482,739 N.E.2d 749, 773; Evid.R. 404(B). However, Evid.R. 404(B) provides exceptions to the general rule when the evidence is offered for some other purpose, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Thus, evidence of other acts may be admissible if the evidence is offered for a purpose other than to show the accused's propensity to act in conformity with the accused's character, e.g. to commit a certain type of crime. State v. Jamison (1990), 49 Ohio St.3d 182, 552 N.E.2d 180, syllabus. For prior act evidence to be admissible, the evidence must be relevant to proving the guilt of the offense in question. State v.Gardner (1979), 59 Ohio St.2d 14, 20, 391 N.E.2d 337, 342. See, also,State v. Henderson (1991), 76 Ohio App.3d 290, 294, 601 N.E.2d 596, 598. In addition, the prior act must not be too remote and must be closely related in time and nature to the offense charged. State v. Burson
(1974), 38 Ohio St.2d 157, 159, 311 N.E.2d 526, 529. If the act is too distant in time or too removed in method or type, it has no permissible probative value. Henderson, supra, 76 Ohio App.3d at 294,601 N.E.2d at 598.
Here, appellant's counsel objected to the introduction of evidence that appellant beat the children almost every day. The trial court found the evidence to be admissible to show (1) absence of mistake or accident and (2) opportunity. These are proper purposes for the introduction of character evidence under Evid.R. 404(B). However, the evidence must also be probative of a disputed issue or material element of the offense. SeeState v. Eubank (1979), 60 Ohio St.2d 183, 186, 398 N.E.2d 567, 569;State v. Curry (1975), 43 Ohio St.2d 66, 73, 330 N.E.2d 720, 726. In as much as appellant did not dispute he is the victim's step-father and lived with him, opportunity to harm the child can hardly be said to be a genuine issue here. We do, however, conclude that the trial court could reasonably find the evidence admissible to show absence of mistake or accident.
In order to prove a violation of R.C. 2919.22(A), the state must show the defendant acted recklessly. See State v. McGee (1997),79 Ohio St.3d 193, 195, 680 N.E.2d 975, 977. Appellant's defense during the trial appeared to be that he simply disciplined the child, but did not intend to endanger his health, i.e., that he accidentally bruised the child. Therefore, evidence that he severely whipped the boys routinely is relevant to show the appellant acted recklessly, and to show that the resulting bruises were not sustained by accident. Moreover, because this case was tried before a judge, not a jury, we presume that the judge was able to use the evidence for the limited purposes that he himself articulated. Since it was reasonable for the court to determine that the testimony was not offered to show appellant acted in conformity with his bad character, but to show appellant acted recklessly, the trial court did not abuse its discretion in allowing the testimony into evidence. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant asserts that the trial court erred by allowing the state to ask leading questions in its direct examination of William Atwood and by allowing the state to solicit new testimony from him on redirect. Evid.R. 611(C) provides that "[l]eading questions should not be used on the direct examination of a witness except as may be necessary to develop his testimony." See, also, Statev. Smith (1997), 80 Ohio St.3d 89, 110, 684 N.E.2d 668, 689. However, the trial court has discretion to allow leading questions on the direct examination of a witness. See Staff Note to Evid.R. 611(C); State v.Jackson (2001), 92 Ohio St.3d 436, 449, 751 N.E.2d 946, 962; State v.D'Ambrosio (1993), 67 Ohio St.3d 185, 190, 616 N.E.2d 909, 914. We again apply the abuse of discretion standard noted above.
William Atwood was only eleven years old at the time of his testimony. The trial court could reasonably conclude that it was necessary to allow some leading questions to develop the testimony of an eleven year old child who was testifying on a sensitive subject. See State v. Brown
(1996), 112 Ohio App.3d 583, 600, 679 N.E.2d 361, 372 (it was within the discretion of the trial court to allow some leading questions on direct where witness was of tender age); State v. Lewis (1982), 4 Ohio App.3d 275,278-279, 448 N.E.2d 487, 491 (trial court did not abuse its discretion in allowing the use of leading questions to children of tender years). The trial court's reasonableness is also reflected by the fact that it sustained several of appellant's objections during William's testimony. We find no error here.
Appellant also argues that the trial court erred by allowing the state to introduce new evidence during its redirect examination of William Atwood. As a general rule, the allowance and control of redirect examination also lies within the sound discretion of the trial court.State v. Wilson (1972), 30 Ohio St.2d 199, 204, 283 N.E.2d 632, 636. See, also, Barber v. Nelson (Oct. 15, 1993), Athens App. No. 93CA1574, unreported. Absent an abuse, we will uphold the exercise of that discretion by the trial court.
During the cross examination of William Atwood, appellant's counsel asked the following questions:
 Q: [H]as anybody talked to you about [the spanking incident] since that time?
A: My mom and dad.
Q: Your mother, okay. And your step-dad?
A: Yes.
 On redirect, the court permitted the state to ask William:
 Q: Did your mother talk to you about testifying here today?
A: Yes.
Q: What did she tell you?
A: She told me to say that Joey did it.
Q: Is that what really happened?
A: No.
Q: Who did it?
A: My step-dad.
Appellant argues that this line of questioning was prejudicial and should have been excluded. However, the cross examination "opened the door" to the state's further inquiry into the incident. In light of the broad discretion a trial judge has to control the redirect examination of a witness, we cannot say that the court acted unreasonably under these circumstances. Therefore, appellant's second assignment of error is overruled.
Appellant contends in his third assignment of error that the state failed to disclose a material witness, thus preventing him from having a fair trial. The control of discovery and sanctions for violations of that process are generally left to the discretion of the trial court. See Statev. Otte (1996), 74 Ohio St.3d 555, 563, 660 N.E.2d 711, 719-720. To the extent that purported errors raise constitutional issues, we review themde novo. See State v. Johnston (1988), 39 Ohio St.3d 48, 60-61,529 N.E.2d 898, 911-912; State v. Hesson (1996), 110 Ohio App.3d 845,851, 675 N.E.2d 532, 536.
During the appellant's cross-examination of Linda Nibert, counsel learned that one of Robert's teachers was present during part of the interview. However, counsel did not ask for a continuance in order to interview or subpoena the teacher. Absent such a request, the trial court had no reason to take any action. Moreover, appellant requested discovery from the state, including a list of the names and addresses of all witnesses the state intended to call at trial. In accordance with Crim.R. 16(B)(1)(e), the state responded with a list of its witnesses, including "Ms. Toth, Bidwell-Porter Elementary, Bidwell, Ohio." This clearly should have put appellant on notice that Ms. Toth was a potential witness and had information pertaining to the case. The police report also indicates that Officer Harmon had spoken with Ms. Toth, one of the Atwood children's teachers. We see no abuse of the discovery process here. Thus, the trial court did not abuse its discretion in this context.
Under Crim.R. 16(B)(1)(f) and a proper motion, the court may order the prosecuting attorney to disclose all evidence favorable to the defendant and material to either guilt or punishment. See State v. Keene (1998),81 Ohio St.3d 646, 650, 693 N.E.2d 246, 252. In Chillicothe v. Knight
(1992), 75 Ohio App.3d 544, 549, 599 N.E.2d 871, 875, we stated:
"Since the requirements of Crim.R. 16(B) and constitutional due process are similar, violationsof both occur when the evidence which was allegedlywithheld by the prosecution was material either to guilt or punishment, irrespective of good faith or bad faith of the prosecution.State v. Cunningham (July 25, 1991), Franklin App. No. 90AP-427, unreported. The suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. Brady v. Maryland (1963), 373 U.S. 83,87, 83 S.Ct. 1194, 1196-97, 10 L.Ed.2d 215; State v. Wickline (1990),50 Ohio St.3d 114, 116, 552 N.E.2d 913, 916. In State v. Johnston
(1988), 39 Ohio St.3d 48, 529 N.E.2d 898, paragraph five of the syllabus, the Ohio Supreme Court held:
`In determining whether the prosecution improperly suppressed evidence favorable to an accused, suchevidence shall be deemed material only if there isa reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. * * *' See, also, State v. Jackson (1991),57 Ohio St.3d 29, 33, 565 N.E.2d 549,554-555." (Emphasis added.)
Here, appellant merely "guesses" that Ms. Toth's testimony might be favorable to his case. His argument is purely speculative and does not indicate how Ms. Toth's testimony would have changed the outcome of the trial. The Brady test applied in State v. Johnston (1988), 39 Ohio St.3d 48
is stringent. The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish "materiality" in the constitutional sense. United States v. Agurs (1976), 427 U.S. 97,109-110, 96 S.Ct. 2392, 2400, 49 L.Ed.2d 342; See United States v.Bagley (1985), 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481; State v.Jackson (1991), 57 Ohio St.3d 29, 33, 565 N.E.2d 549, 554-555.
Having reviewed the record, we find that the trial court could reasonably conclude that the prosecution properly complied with Crim.R. 16(B)(1). In the absence of some showing that the state withheld favorable evidence, it was up to the appellant to pursue discovery by interviewing potential witnesses. The state did not deny the appellant the opportunity or information necessary for a fair trial. Appellant's third assignment of error is overruled.
In his last assignment of error, appellant contends that there was insufficient evidence to support a conviction for child endangerment. "Sufficiency" of evidence refers to the legal standard applied to determine whether the case may go to the factfinder, i.e., whether the evidence is legally sufficient to support the guilty verdict as a matter of law. State v. Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541. This is a question of law which we review de novo. Id. In analyzing the "sufficiency" of evidence to sustain a criminal conviction, an appellant court must construe the evidence in a light most favorable to the prosecution. State v. Hill (1996), 75 Ohio St.3d 195, 205, 661 N.E.2d 1068,1079; State v. Grant (1993), 67 Ohio St.3d 465, 477, 620 N.E.2d 50,64-65; State v. Rojas (1992), 64 Ohio St.3d 131, 139, 592 N.E.2d 1376,1384. After construing the evidence in this manner, the test for determining the sufficiency is whether any rational trier of fact, considering the evidence, could have found all essential elements of the charged offense proven beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
R.C. 2919.22(A) states:
 No person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child * * * shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support.
To establish a violation of R.C. 2919.22(A), the state must prove, beyond a reasonable doubt that: (1) defendant was the parent, guardian, custodian, person having custody or control, or person in loco parentis of the subject child, and (2) defendant recklessly violated a duty of care, protection, or support which created a substantial risk to the health or safety of the child. State v. McGee (1997), 79 Ohio St.3d 193,195, 680 N.E.2d 975, 977. See, also, State v. Miley (1996),114 Ohio App.3d 738, 743, 684 N.E.2d 102, 105. "Recklessness" is the necessary mental state for a violation of R.C. 2919.22(A). Id. R.C.2901.22(C) provides as follows:
 A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist.
 "Substantial risk" is "a strong possibility, as contrasted with a remote possibility, that a certain result may occur or that certain circumstances may exist." R.C. 2901.01 (A)(8).
After reviewing the record and construing the evidence in favor of the prosecution, we find that a rational trier of fact could conclude that appellant created a substantial risk to the health or safety of Robert Atwood, by violating a duty of care, protection, or support. Appellant is Robert Atwood's step-father. Accordingly, he is in a position to provide care, protection, and support to the child. The photographic evidence shows severe bruises on Robert's buttocks. They are the type that would not normally occur without extreme force. A reasonable person could certainly conclude that the bruising of this nature would cause serious pain to a child of Robert's age, thus creating a substantial risk to his health and safety. A reasonable person could logically conclude the force that caused these bruises went far beyond that necessary for normal disciplinary purposes. The photographs, along with appellant's own statements that he had disciplined the child on the dates in question, are sufficient to support appellant's conviction for child endangerment. The appellant's fourth assignment of error is overruled.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallipolis Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Evans, J.: Concur in Judgment and Opinion.
[1] Evid.R. 404(B) states:
 (B) Other crimes, wrongs or acts
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.