DECISION AND JUDGMENT ENTRY
James Chaney appeals the judgment of the Athens County Court of Common Pleas finding him guilty of assaulting a peace officer. He contends that the trial court erred when it allowed the state to present the rebuttal testimony of Officer Haegele, who was not present when the incident occurred. He argues that Officer Haegele's testimony concerning appellant's subsequent conduct at the police station was irrelevant and prejudicial. Because Haegele's testimony was relevant to appellant's potential bias or prejudice against police officers, it was admissible under Evid.R. 616(A). Moreover, this testimony was also admissible under Evid.R. 404(B) to show that Chaney's tussle with the officer was intentional, rather than accidental as he asserted.
In May, 2000, Officer Brian Lushbaugh of the Athens City Police Department observed appellant and several other individuals standing on the street, engaging in what he suspected to be a drug transaction. Officer Lushbaugh exited his police cruiser and ordered all individuals to stop. Appellant did not comply, but continued to walk away from the officer. Lushbaugh then approached appellant and reached out to stop him from walking away any further. Appellant turned and swung his arm around to try to pull away, striking Lushbaugh in the shoulder and head. Appellant and the officer then began to struggle, which resulted in both men going to the ground, with appellant landing on top of the officer. An observer from across the street, Michael Mitchell, came to the aid of Officer Lushbaugh and pulled appellant off of him. After Lushbaugh radioed for police back-up, the officers took appellant into custody.
The grand jury indicted appellant for assaulting a peace officer in violation of R.C. 2903.13(A). After a jury found appellant guilty, the court sentenced him accordingly. He filed this timely notice of appeal.
Appellant assigns the following error:
 "THE TRIAL COURT ERRED WHEN IT ALLOWED THE STATE TO PRESENT THE IRRELEVANT AND PREJUDICIAL REBUTTAL TESTIMONY IN VIOLATION OF MR. CHANEY'S RIGHT TO A FAIR TRIAL. (SIC) FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION, SECTIONS 5 AND 16, ARTICLE I OF THE OHIO CONSTITUTION, AND OHIO RULES OF EVIDENCE 401, 402, AND 403."
Finding this assignment of error to be meritless, we affirm the judgment of the trial court.
The decision to admit or exclude evidence is entrusted to the sound discretion of the trial court. Absent an abuse of that discretion, we will not reverse the trial court's decision. State v. Bey85 Ohio St.3d 487, 490, 1999-Ohio-283, 709 N.E.2d 484; State v. Sage
(1987), 31 Ohio St.3d 173, 510 N.E.2d 343, paragraph two of the syllabus. An abuse of discretion implies more than an error of judgment; rather, it connotes conduct by the trial court that is unreasonable, unconscionable, or arbitrary. Franklin Cty. Sheriff's Dept. v. StateEmp. Relations Bd. (1992), 63 Ohio St.3d 498, 506, 589 N.E.2d 24;Wilmington Steel Products, Inc. v. Cleveland Elec. Illuminating Co. (1991), 60 Ohio St.3d 120, 122, 573 N.E.2d 622. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re Jane Doe 1
(1990), 57 Ohio St.3d 135, 138, 566 N.E.2d 1181, citing Berk v. Matthews
(1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301.
Our review of the record reveals that the trial court could have reasonably concluded that Officer Haegele's rebuttal testimony was relevant to show Chaney's bias or prejudice against police officers, i.e., to test his credibility. See Evid.R. 616(A).[1] When asked at trial whether he liked police officers, appellant responded, "I have nothing against police officers if they're good. If they obey and they work within the laws that they're supposed to protect I have no problems with them." Based on this testimony, we conclude that appellant opened the door for the rebuttal testimony of Officer Haegele. See State v.Gowdy 88 Ohio St.3d 387, 395, 2000-Ohio-355, 727 N.E.2d 579.
Officer Haegele testified that he observed appellant at the police station cussing and yelling at the police officers. He also testified that he attempted to calm appellant down by readjusting his handcuffs. Appellant still refused to calm down. He continued to act abusively towards the police. The introduction of Officer Haegele's rebuttal testimony, showing appellant's state of mind and ill feelings towards the police, is rationally related to the issue of his bias or prejudice.
Since appellant testified that he had no problem with the police, Officer Haegele's testimony concerning appellant's attitude towards the officers at the station was admissible to impeach appellant's credibility. Evid.R. 616(A) specifically provides for the introduction of extrinsic evidence for this type of impeachment. Under these circumstances, we see no abuse of discretion by the trial court in allowing the state to challenge appellant's credibility through the rebuttal testimony of Officer Haegele.
Appellant also contends that Haegele's rebuttal testimony was inadmissible as "other acts" evidence under Evid.R. 404(B).[2] In general, evidence of other acts is not admissible for the purpose of proving the accused acted in conformity with that character on a particular occasion. State v. Treesh 90 Ohio St.3d 460, 482, 2001-Ohio-4,739 N.E.2d 749; Evid.R. 404(B). However, Evid.R. 404(B) provides exceptions to the general rule when the evidence is offered for some other purpose, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Thus, evidence of other acts may be admissible if the evidence is offered for a purpose other than to show the accused's propensity to act in conformity with the accused's character, i.e., to commit a certain type of crime. State v. Jamison (1990), 49 Ohio St.3d 182, 552 N.E.2d 180, syllabus. For other act evidence to be admissible, the evidence must be relevant to proving the guilt of the offense in question. State v.Gardner (1979), 59 Ohio St.2d 14, 20, 391 N.E.2d 337. See, also, Statev. Henderson (1991), 76 Ohio App.3d 290, 294, 601 N.E.2d 596. In addition, the other act must not be too remote and must be closely related in time and nature to the offense charged. State v. Burson
(1974), 38 Ohio St.2d 157, 159, 311 N.E.2d 526. If the act is too distant in time or too removed in method or type, it has no permissible probative value. Henderson, supra, 76 Ohio App.3d at 294. The evidence must also be probative of a disputed issue or material element of the offense. SeeState v. Eubank (1979), 60 Ohio St.2d 183, 186, 398 N.E.2d 567; State v.Curry (1975), 43 Ohio St.2d 66, 73, 330 N.E.2d 720.
To prove its case, the state was required to show that appellant "knowingly" assaulted Officer Lushbaugh. During his testimony, appellant claimed that he had no ill feelings toward police officers and that the contact was unintentional. He testified that Lushbaugh grabbed him from behind, which caused him to spin around, striking the officer inadvertently on the arm. In effect, appellant was claiming he accidentally hit the officer. Under these circumstances, the trial court could properly conclude that the testimony of Officer Haegele was admissible to show absence of mistake or accident. See State v. Sweeney
(Oct. 31, 1997), Montgomery App. No. 16181 (holding that evidence of appellant's conduct after arrest was relevant to prove the absence of mistake or accident). Appellant's conduct at the police station after the incident was relevant to his credibility and his state of mind during the incident with Officer Lushbaugh. Consequently, we find that it was rational for the court to allow this testimony into evidence under Evid.R. 404(B).
Appellant also contends that even if this testimony was admissible under other rules, it was unduly prejudicial under Evid.R. 403(A) and the court should have excluded it on that basis. Evid.R. 403(A) states:
 "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."
Evid.R. 403(A) favors the admissibility of evidence. See Giannelli 
Snyder, Evidence (2 Ed. 2001) 198, Section 403.9 and State v. Aliff
(April 12, 2000), Lawrence App. No. 99CA8. The trial court could have reasonably concluded that the probative value of the testimony was not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. See State v. Maurer (1984),15 Ohio St.3d 239, 265, 473 N.E.2d 768, for the proposition that relevant evidence that is challenged under Evid.R. 403(A) should be viewed in a light most favorable to the proponent, in effect maximizing its probative value and minimizing any prejudicial effect.
Appellant's assignment of error is overruled.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Kline, J.: Concur in Judgment Opinion.
[1] Evid.R. 616(A) states:
Bias, prejudice, interest, or any motive to misrepresent may be shown to impeach the witness either by examination of the witness or by extrinsic evidence.
[2] Evid.R. 404(B) states:
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.