OPINION
{¶ 1} Defendant-appellant, Alan Powers, appeals his rape conviction in the Clinton County Court of Common Pleas. We affirm the decision of the trial court.
 {¶ 2} On September 9, 2005, appellant was indicted on two counts of rape in violation of R.C. 2907.02(A)(1)(b). The charges were based on incidents that occurred in April 2005.
 {¶ 3} Appellant and his wife, Lois, regularly baby-sat for their eight-year-old niece, B.S., every other weekend starting in December of 2004 at appellant's home in Sabina, Clinton County, Ohio. Around April 21, 2005, B.S. disclosed to a school counselor that appellant had touched her chest and vagina.
 {¶ 4} A jury trial was held on December 12 through 14, 2005. During the trial, appellant moved the court to limit the testimony of the state's witness, Florence Kolodziejski. Appellant argued that the witness' testimony concerning past allegations of improper touching by appellant were false and would be overly prejudicial. The trial court limited the testimony of Kolodziejski to include only prior acts testimony concerning appellant's improper touching of her chest and vagina.[1]
 {¶ 5} Appellant was found guilty on Count One of rape (cunnilingus) and not guilty on Count Two (penetration). On December 20, 2005, the trial court imposed the mandatory sentence of life in prison. Appellant was labeled a "sexually-oriented offender." Appellant now appeals his conviction raising one assignment of error.[2]
 {¶ 6} In the assignment of error, appellant argues that the trial court erred when it overruled his motion in limine and allowed the state to introduce alleged prior acts evidence and testimony.
 {¶ 7} Under Evid.R. 404(B), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove" a defendant's character as to criminal propensity. "It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. State v. Craig, 110 Ohio St.3d 306, 2006-Ohio-4571, ¶ 43, citingState v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. Such decision will not be reversed absent an abuse of discretion, implying that the court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. State v.Hancock, 108 Ohio St.3d 57, 2006-Ohio-106, ¶ 130.
 {¶ 8} Other acts forming a unique, identifiable plan of criminal activity are admissible to establish identity or any of the other enumerated purposes under Evid.R. 404(B). State v. Broom (1988),40 Ohio St.3d 277. In order "[t]o be admissible to prove identity [or other enumerated purpose] through a certain modus operandi, other-acts evidence must be related to and share common features with the crime in question." Craig at ¶ 43, citing State v. Lowe, 69 Ohio St.3d 527,1994-Ohio-345, paragraph one of the syllabus.
 {¶ 9} Appellant cites this court's decision in State v. Henderson
(1991), 76 Ohio App.3d 290, for the proposition that Kolodziejski's testimony should be inadmissible because testimony of events that occurred over 12 years ago was too remote in time to contain any probative value. In State v. Henderson, this court found prior act evidence over seven or eight years passed as too remote to be admissible. Id. at 295.
 {¶ 10} Henderson was indicted on two counts of gross sexual imposition, the latter charging Henderson with purposely compelling his 13-year old daughter to submit by force or threat of force to sexual contact. The state attempted to use prior act evidence of when the victim was five or six years old to establish the element of force. The prior act occurred when appellant allegedly bathed his victim, laid down naked beside her and instructed her to fondle his penis.
 {¶ 11} The alleged gross sexual imposition occurred when the same victim was thirteen and Henderson allegedly fondled the victim's breast and touched the inside of her thigh. The state maintained that the fear experienced by the victim from the incident when she was five or six compelled her to submit by force or threat of force in the alleged latter incident.
 {¶ 12} Contrary to appellant's argument, Henderson does not stand for the proposition that seven or eight years passage is a de facto threshold for admissibility of prior act evidence. We find the present case to be distinguishable from Henderson and that the prior act evidence in this case is admissible despite the fact that the amount of time that has passed between acts is greater than the amount of time inHenderson.
 {¶ 13} The state in this case did not seek to establish a criminal element such as force. Rather, under Evid.R. 404(B), the prior act evidence was used to depict plan or preparation. The limited testimony given by Kolodziejski focused on the shared, common features between what occurred to Kolodziejski twelve years ago and what happened to B.S. in 2005.
 {¶ 14} Kolodziejski testified that appellant and his wife acted as her long-time babysitters from her birth until she was in the fourth grade. She would on occasion, spend nights at the Powers' residence and stated that on some mornings, when Lois Powers was asleep, appellant would come to Kolodziejski's bedroom and perform cunnilingus upon her and also sexually touch her with his hands. Kolodziejski also testified that she did not tell anyone until she later learned in school that certain kinds of touching was inappropriate.
 {¶ 15} Similarly, the victim in this case would spend time with the Powers in their residence while they acted as baby-sitters. B.S. was of similar age to Kolodziejski when the sexual contact occurred. B.S. testified that appellant performed the sexual conduct, both oral and with his hands, while his wife was present in the residence but asleep. The events shared a common revelation story as well in that B.S. did not tell anyone until she discovered at school that appellant's contact was "bad touch." While it is true that the prior act evidence in the present case is more remote in time than the prior act evidence found inadmissible in Henderson, appellant's conduct shares several common facts between B.S.'s and Kolodziejski's testimony making the evidence more substantive in proving the plan or preparation of appellant.
 {¶ 16} In State v. Craig, the Ohio Supreme Court looked at prior act evidence and found it admissible to prove identity between a 1991 rape and a 1996 rape-homicide. The court discussed several common features linking the two incidents including the age of the victims, the method by which Craig took the victims to a vacant building and restrained and raped them, the way he anally raped and attempted to anally rape the victims, and how he allowed the victims to dress afterwards.
 {¶ 17} We find that the evidence was properly admitted as probative for the purpose of proving plan or preparation. The shared common features between the Kolodziejski and B.S. testimonies, although remote in time, were similar in pattern and opportunity. Furthermore, the trial court gave the following cautionary instructions to the jury prior to Kolodziejski's testimony:
 {¶ 18} "It's important that you understand as you consider this testimony that any evidence of other crimes, wrongs or acts is not admissible in this case to prove the character of the defendant in order to show that he acted in conformity therewith. So it's important that you remember why this person is testifying.
 {¶ 19} "Evidence of this sort, as expected to be presented, is allowed and may be admissible for purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absent or mistake [sic] or accident so it's important as you listen to this evidence that you understand it's not to be used to demonstrate or prove that the defendant may or may not have acted in conformity therewith, which [sic] regard the allegations that you have to consider.
 {¶ 20} "I am allowing it as relevant evidence for these possible purposes. It's up to you to determine what weight you will give to this particular testimony that is expected to be produced and understand it all over the objection of defense counsel."
 {¶ 21} In view of these instructions and the probative value of Kolodziejski's testimony, we find that the trial court did not abuse its discretion in admitting the prior acts evidence. The assignment of error is overruled.
 {¶ 22} Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.
[1] The trial court, after the state's proffer of evidence, limited the witness' direct testimony to similar acts already testified to by B.S., but not additional, irrelevant issues including accounts of appellant allegedly warning Kolodziejski not to tell anyone, that he placed her hand on his penis, and that he made her watch a pornographic film with him.
[2] Assignment of Error:
"THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN OVERRULING HIS MOTION IN LIMINE AND ALLOWING PRIOR ACTS EVIDENCE AND TESTIMONY TO BE INTRODUCED BY THE STATE."