THE STATE OF OHIO, APPELLEE, *v.* CARTER, APPELLANT.

[Cite as State v. Carter (1971), 26 Ohio St. 2d 79.]

(No. 70-174—Decided April 21, 1971.)

80

*Mr. Lee C. Falke,* prosecuting attorney, and *Mr. Robert A. Skinner,* for appellee.

*Messrs. Barkan, Barkan & Neff* and *Mr. James L. Mackin,* for appellant.

CORRIGAN, J. As his single proposition of law in this appeal appellant asserts that it was prejudicial error for the trial court "to permit the state to introduce in evi-

dence, under Section 2945.59 of the Revised Code, evidence of prior or subsequent acts without proving that those acts were committed by the defendant.''

Specifically, appellant's complaint is that the evidence in respect to the identity of the Golden Point robber, as contained in the testimony of witnesses Collins and Holden, was insufficient to establish that the person who committed that robbery was the appellant; that therefore such evidence was inadmissible.

On the issue of identification of the Golden Point robber, the record shows that witness Collins testified that the robber wore a black trench coat, had a scar on the side of his face and was armed with a black automatic. She testified further that she had later seen the robber in a car and that she had seen appellant in a lineup and had then ''thought he was the one.'' Witness Holden testified that the robber wore dark clothing, a dark trench coat, had a scar on his chin and was armed with a ''little black gun.'' She testified further that she later saw a man in a white Cadillac whom she believed was the robber and that she also identified the robber at a lineup. In addition, she stated that defendant had a scar on his chin like the robber had. Neither of these witnesses made a positive in-court identification of appellant as the robber.

It is apparent, from the testimony of these witnesses in respect to the Golden Point robbery, that there was substantial evidence that appellant did, in fact, commit the similar act in question. The issue presented here is whether that proof was sufficient to support the admission in evidence of the similar-act testimony.

It is appellant's position that in order for a similar act to be admitted in evidence it must be established beyond a reasonable doubt that the defendant was the person who committed the similar act.

R. C. 2945.59 provides:

''In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on

82

his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."

In *Whiteman* v. *State* (1928), 119 Ohio St. 285, the second paragraph of the syllabus holds:

"Where other offenses of like character are committed by the same persons in the same locality within a period of time reasonably near to the offense on trial, and where the same plan, system and methods are followed, testimony of such other offenses is relevant to the issue of identity."

In this case, since the same "plan, system and methods" were used in the similar act in question, evidence of such other offense was clearly "relevant to the issue of identity." We must now determine the degree of proof required of the state to establish that appellant committed that similar act.

As pointed out in 29 American Jurisprudence 2d 381, Evidence, Section 333, there is a split of authority on the degree of proof required to establish the commission of a similar act by an accused. Some cases hold that the commission of other similar crimes must be shown beyond a reasonable doubt, while others require a lesser degree of proof.

In *Scott* v. *State* (1923), 107 Ohio St. 475, this court held, in paragraph six of the syllabus:

"* * * Where evidence of other previous offenses of a similar character is properly admitted as tending to prove criminal intent, such evidence constitutes 'probative facts bearing upon intent' and need not prove such alleged other offenses beyond a reasonable doubt. Such evidence is not admissible, however, if it is of a vague or remote character; it must offer substantial proof that the alleged other similar crimes were committed by the defendant."

That holding, and the subsequent case of *Curtis* v. *State* (1925), 113 Ohio St. 187, effectively place us among those jurisdictions which do not require that similar acts be established by proof beyond a reasonable doubt.

Appellant argues, however, that *Scott* should be distinguished for the reason that there the evidence of the similar act was admitted only as bearing on intent and not to prove identity. We see no reason why a greater degree of proof should be required to establish identity than is required to establish the elements enumerated in the similar-act statute. We are of the opinion, as stated in *Curtis* v. *State, supra* (113 Ohio St. 187, 193), that, "it is only necessary that there be evidence tending to prove each essential element of other similar crimes."

We therefore hold that where evidence tending to prove commission by an accused of a similar act is offered by the state, under R. C. 2945.59, it is not necessary for the state to establish by proof beyond a reasonable doubt that the accused was the perpetrator of the similar act.

In such case, it is sufficient for the admission of such evidence that it offers substantial proof that the alleged similar act was committed by the defendant.

In so holding, we point out, as did the Supreme Court of Michigan in *People* v. *Allen* (1958), 351 Mich. 535, 547, 88 N. W. 2d 433, "* * * all that the [similar-act] statute requires by its terms is that the like acts 'may tend to show' motive or intent or the other things there enumerated and it significantly concludes: 'notwithstanding that such proof may show or *tend to show* the commission of another * * * crime by the defendant.' It is only for the crime with which they were charged that the people are required to prove the defendants' guilt beyond a reasonable doubt. * * *"

In relation to proof of the crime charged, the record shows that the two employees of Pantorium Cleaners made positive in-court identifications of appellant. Thus, as this court stated in *State* v. *Laskey* (1970), 21 Ohio St. 2d 187, 192: "* * * under the state of the instant record, if any error was committed" in respect to admission of the similar-act evidence "* * * it was not prejudicial to the rights of the appellant. See Section 2945.83(C), Revised Code. *Cf. State* v. *Witsel* (1944), 144 Ohio St. 190, 58 N. E. 2d 212; *Chapman* v. *California* (1967), 386 U. S. 18, 17 L. Ed. 2d 705."

84

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., SCHNEIDER, STERN and LEACH, JJ., concur.

HERBERT and DUNCAN, JJ., dissent.

HERBERT, J., dissenting. R. C. 2945.59, the so-called similar acts statute, can be a most useful weapon in the arsenal of law enforcement. If it is to be preserved for that purpose, however, courts must not permit it to be used abusively and unconstitutionally. For example, a defendant should not be collaterally tried for offenses with which he has not been charged, under the guise of offering proof of his commission of ''similar acts.'' *A fortiori*, a defendant should not be collaterally tried for acts which he might have committed, could have committed or, perhaps, even probably committed.

Like all criminal statutes, the breadth and scope of R. C. 2945.59 should be carefully determined under tested guidelines of strict construction. Here, the statute provides for the introduction of similar acts *''of the defendant,''* as evidence of certain predispositions *''on his part,''* or to establish *''the defendant's''* system of operation, despite the fact that such introduction may show or tend to show commission of another crime *''by the defendant.''*

By ascribing the civil preponderance of the evidence test to the implementation of this section of our criminal code, the majority opens the door for presentment to a jury of *circumstantial* evidence which *suggests* a defendant's commission of crimes for which he has not been indicted, upon which he is not being tried, and for the defense of which he could not be prepared.

In my view, R. C. 2945.59 was not intended for such use, cannot be strictly construed to so provide, and should be contained within the limits placed upon it by the General Assembly.

DUNCAN, J., concurs in the foregoing dissenting opinion.