DECISION AND JOURNAL ENTRY
Appellant, Kenneth King, appeals his conviction in the Medina County Court of Common Pleas. We affirm.
 I.
On November 20, 1997, the Medina County Grand Jury indicted Mr. King on one count of rape, in violation of R.C. 2907.02, and one count of gross sexual imposition, in violation of R.C.2907.05. He was indicted for committing those crimes on a young girl named "Y.E." who was under thirteen years of age at the time of the abuse.
Mr. King was separately indicted by the Medina County Grand Jury on January 5, 1998, for rape and gross sexual imposition of another young girl by the name of "D.A." The case involving D.A. was resolved by Mr. King pleading guilty to gross sexual imposition, in violation of R.C. 2907.05(A)(4), and sexual battery, in violation of R.C. 2907.03(A)(5), on February 3, 1999, and is not currently before this court.
A trial was held concerning the abuse of Y.E., commencing on August 12, 1998, in which evidence of Mr. King's abuse of D.A. was admitted over Mr. King's objection. The trial court also allowed the state to show a videotaped interview of Y.E. conducted by Joan Selby because Y.E. was unable to testify at trial that Mr. King committed the crime charged. Mr. King sought, by way of defense, to have a young boy named "B.R." testify that he, rather than Mr. King, committed the crimes. However, B.R. refused to testify based upon his Fifth Amendment rights. Mr. King then sought to have Dr. Ann Carden, B.R.'s psychologist, testify that B.R. had admitted to Dr. Carden doing the acts for which Mr. King was being tried. However, although B.R.'s mother had waived the psychologist-patient privilege at one point, and hence, Dr. Carden had disclosed B.R.'s statements to Mr. King's defense counsel, the trial court allowed B.R. to assert the psychologist-patient privilege and ruled that Dr. Carden could not testify. Mr. King also sought to call Dr. Sandra McPherson as an expert to testify regarding the interview procedures used on D.A. The trial court ruled that, as her testimony was offered on surrebuttal, it was beyond the scope of the state's evidence on rebuttal and was inadmissible. The state also presented DNA evidence from samples of semen taken from Y.E.'s underwear that were shown to match Mr. King's DNA. In a verdict journalized on August 25, 1998, the jury convicted Mr. King of rape and gross sexual imposition. Mr. King was sentenced accordingly. This appeal followed.
 II.
Mr. King asserts four assignments of error. We will address each in due course, consolidating the second and fourth to facilitate review.
A. First Assignment of Error
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY VIOLATING APPELLANT'S RIGHTS UNDER THE CONFRONTATION CLAUSE OF THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION 10, OF THE OHIO CONSTITUTION BY IMPROPERLY ADMITTING HEARSAY TESTIMONY UNDER EVID.R. 807.
Mr. King argues that by admitting the videotaped interview of Y.E. without making the necessary findings under Evid.R. 807, the trial court violated Evid.R. 807 and his right to confront his accuser under the Ohio and United States Constitutions. We disagree.
"`The trial court has broad discretion in the admission * * * of evidence and unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby, [an appellate] court should be slow to interfere.'" (First alteration in original.) State v. Maurer (1984), 15 Ohio St.3d 239, 265, quoting State v. Hymore (1967), 9 Ohio St.2d 122, 128. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id. Moreover, a new trial should not be granted unless the accused was prejudiced or may have been prejudiced by the evidence improperly admitted. R.C. 2945.83(C).
Evid.R. 807 accords with the Confrontation Clause of theSixth Amendment to the United States Constitution. State v.Storch (1993), 66 Ohio St.3d 280, paragraph one of the syllabus.
Evid.R. 807 codifies when hearsay statements made by an abused child are admissible. Evid.R. 807 states, in relevant part:
 (A) An out-of-court statement made by a child who is under twelve years of age at the time of trial or hearing describing any sexual act performed by, with, or on the child or describing any act of physical violence directed against the child is not excluded as hearsay under Evid.R. 802 if all of the following apply:
 (1) The court finds that the totality of the circumstances surrounding the making of the statement provides particularized guarantees of trustworthiness that make the statement at least as reliable as statements admitted pursuant to Evid.R. 803 and 804. The circumstances must establish that the child was particularly likely to be telling the truth when the statement was made and that the test of cross-examination would add little to the reliability of the statement. In making its determination of the reliability of the statement, the court shall consider all of the circumstances surrounding the making of the statement, including but not limited to spontaneity, the internal consistency of the statement, the mental state of the child, the child's motive or lack of motive to fabricate, the child's use of terminology unexpected of a child of similar age, the means by which the statement was elicited, and the lapse of time between the act and the statement. In making this determination, the court shall not consider whether there is independent proof of the sexual act or act of physical violence.
 (2) The child's testimony is not reasonably obtainable by the proponent of the statement.
 (3) There is independent proof of the sexual act or act of physical violence.
 (4) At least ten days before the trial or hearing, a proponent of the statement has notified all other parties in writing of the content of the statement, the time and place at which the statement was made, the identity of the witness who is to testify about the statement, and the circumstances surrounding the statement that are claimed to indicate its trustworthiness.
 (B) The child's testimony is "not reasonably obtainable by the proponent of the statement" under division (A)(2) of this rule only if one or more of the following apply:
 (1) The child refuses to testify concerning the subject matter of the statement or claims a lack of memory of the subject matter of the statement after a person trusted by the child, in the presence of the court, urges the child to both describe the acts described by the statement and to testify.
* * *
 In State v. Said (1994), 71 Ohio St.3d 473, 477, the Ohio Supreme Court interpreted Evid.R. 807, stating that [b]y its own terms, Evid.R. 807 provides what a trial court must find on the record. First, a trial court must find "that the totality of the circumstances surrounding the making of the statement provides particularized guarantees of trustworthiness * * *." Evid.R. 807(A)(1). Second, a trial court must find that "[t]he child's testimony is not reasonably obtainable by the proponent of the statement." Evid.R. 807(A)(2). Third, a trial court must find "independent proof of the sexual act or act of physical violence." Evid.R. 807(A)(3). Finally, a trial court must find that the proponent of the statement fulfilled the notice requirements under Evid.R. 807(A)(4). Evid.R. 807(C) also requires a trial court to make findings of fact to support each of the general findings.
 However, "[f]indings in the form of skeletal conclusions are inadequate under Evid.R. 807[.]" Said, 71 Ohio St.3d at 478.
In the instant case, the trial court concluded that the statements made by Y.E. were at least as trustworthy as the exceptions to the hearsay rule under Evid.R. 803 and 804. The trial court based its conclusion on Y.E.'s testimony, the statements Y.E. made on the videotape, and the testimony of Officer Warren Walter, who filmed Joan Selby's interview with Y.E. The testimony in this case showed that there was little lapse of time between the incident and Y.E.'s statements concerning the abuse during the videotaped interview with Joan Selby. Moreover, among other things, Y.E.'s statements showed a knowledge beyond that which would be expected of a child of her age and a lack of motive to fabricate. Furthermore, Mr. King did not raise a specific objection to the trial court's findings under Evid.R. 807(A)(1). Unlike the trial court in Said, the trial court below based its decision on the totality of the testimony that had been adduced up to that point in the trial. Hence, based upon this record, we cannot conclude that the trial court abused its discretion by finding that the requirements of Evid.R. 807(A)(1) were fulfilled.[1]
Mr. King also argues that the trial court erred by failing to require the state to give ten days notice to him prior to trial pursuant to Evid.R. 807(A)(4). The state had planned to call Y.E. in person, and in fact did so. Y.E., however, was unable to testify about the incident involving Mr. King when she was called to the witness stand. At that point, the state sought to introduce the videotape of Y.E.'s statements to Joan Selby. Mr. King did not move for a continuance, or aver that he needed additional time to prepare to rebut the videotaped testimony and did in fact rebut the testimony in his own case in chief. Hence, we conclude that the trial court did not err to Mr. King's prejudice by admitting the videotaped testimony of Y.E. without the state having given Mr. King ten days notice of its intent to utilize such evidence prior to trial. Mr. King's first assignment of error is overruled.
B. Second Assignment of Error
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DENYING APPELLANT THE OPPORTUNITY TO CALL DR. ANN CARDEN TO DELIVER EXCULPATORY EVIDENCE AND TESTIMONY WHICH SUPPORTED THAT A JUVENILE NAMED "B.R." COMMITTED THE ALLEGED OFFENSE(S) AND WAS WITH THE ALLEGED VICTIM THE DAY BEFORE AND DAY OF THE ALLEGED OFFENSE(S).
Fourth Assignment of Error
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DENYING APPELLANT THE OPPORTUNITY TO CALL DR. SANDRA McPHERSON TO DELIVER EVIDENCE REGARDING THE IMPROPER INVESTIGATORY METHODS UTILIZED BY THE STATE'S EXPERT, DR. LESURE, AND REGARDING THE SUBSTANTIAL RISK OF MIS-FOCUSED OR MISTAKEN IDENTITY INHERENT WITH DR. LESURE'S INTERVIEW PROTOCOL.
Mr. King argues that the trial court erred when it allowed B.R. to invoke the psychologist-patient privilege through a court appointed guardian ad litem after his mother had waived the privilege. Furthermore, Mr. King argues that the trial court erred when it ruled that Dr. McPherson, his expert on interrogation protocol in abused children, could not testify on surrebuttal. We disagree.
"The admission or exclusion of relevant evidence rests within the sound discretion of the trial court." State v. Sage (1987),31 Ohio St.3d 173, paragraph two of the syllabus. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
B.R.'s mother admitted to the trial court that a conflict of interest might exist between her interests and those of her son. At that point, the trial court indicated that it might be appropriate for a guardian ad litem to be appointed to protect B.R.'s interests, as is required by R.C. 2151.281(A)(2) when a conflict of interest is present. The Medina County Court of Common Pleas, Juvenile Division, appointed B.R.'s attorney as his guardian ad litem, pursuant to R.C. 2151.281(A)(2), due to the admitted conflict of interest with his mother. B.R.'s guardian adlitem then asserted the psychologist-patient privilege before the trial court, pursuant to R.C. 2317.02(B)(1). Hence, we cannot conclude that the trial court abused its discretion by excluding Dr. Carden's testimony based upon B.R.'s assertion of the psychologist-patient privilege or erred in accepting B.R.'s guardian ad litem's assertion of the privilege. See In reGuardianship of Escola (1987), 41 Ohio App.3d 42, 46.
Mr. King also asserts that the trial court erred when it prevented him from presenting the testimony of Dr. McPherson on surrebuttal. As previously noted, the admission and exclusion of relevant evidence is within the discretion of the trial court. Moreover, "[t]he denial of surrebuttal testimony by a criminal defendant lies solely within the discretion of the trial court [and a] court does not, ipso facto, abuse its discretion in denying a criminal defendant the opportunity to present surrebuttal testimony." (Citation omitted.) State v. Spirko
(1991), 59 Ohio St.3d 1, 28. After reviewing the record, we cannot conclude that the trial court acted with passion, prejudice or the like in excluding the testimony of Dr. McPherson. Moreover, even if the trial court had erred in excluding Dr. McPherson's testimony on surrebuttal, Mr. King was allowed to present other testimony on surrebuttal, and based on the weight of the other evidence produced at trial, any error is harmless. Mr. King's second and fourth assignments of error are overruled.
C. Third Assignment of Error
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT ALLOWED THE STATE OF OHIO TO INTRODUCE EVID.R. 404(B) PRIOR BAD ACTS EVIDENCE AGAINST THE APPELLANT DESPITE A FAILURE OF THE STATE TO SUBSTANTIALLY DEMONSTRATE THAT THE APPELLANT COMMITTED THE ALLEGED PRIOR BAD ACT AND A LACK OF EVIDENCE DEMONSTRATING A DEFINITIVE IDIOSYNCRATIC PATTERN OF CONDUCT BETWEEN THE ALLEGED ACTS.
Mr. King asserts that the trial court erred by admitting testimony concerning his sexual abuse of D.A. because there was not substantial evidence that he committed the acts; moreover, the acts were not sufficiently connected to the crime charged. We disagree.
As noted above, a trial court's decision regarding the admission of evidence is reviewed under the abuse of discretion standard.
Generally, evidence of prior criminal acts, wholly independent of the crime for which defendant is on trial, is inadmissible. State v. Thompson (1981), 66 Ohio St.2d 496, 497. R.C. 2945.59 codifies the exceptions to this rule, providing:
 In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant.
Evid.R. 404(B) states that
 [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
 Evid.R. 404(B) is in accord with R.C. 2945.59. State v. Broom (1988), 40 Ohio St.3d 277, 281. "The issue of identity, although not listed in the statute, has been held to be included within the concept of scheme, plan, or system." Id. Hence, it is necessary to determine whether any of the matters enumerated in R.C. 2945.59 were relevant at trial and, if so, whether the testimony that the prosecution elicited regarding other acts of the defendant tended to prove the relevant enumerated matter. State v. Curry (1975), 43 Ohio St.2d 66, 70.
"Because R.C. 2945.59 and Evid.R. 404(B) codify an exception to the common law with respect to evidence of other acts of wrongdoing, they must be construed against admissibility, and the standard for determining admissibility of such evidence is strict." Broom, 40 Ohio St.3d at paragraph one of the syllabus. Moreover, evidence of other acts by a defendant is only admissible when it tends to show one of the matters enumerated in the statute and only when the evidence offered is relevant to prove that the defendant is guilty of the offense in question. State v. Burson
(1974), 38 Ohio St.2d 157, 158. Finally, the state must "offer
substantial proof that the alleged similar act was committed by the defendant." State v. Carter (1971), 26 Ohio St.2d 79, paragraph two of the syllabus.
Mr. King asserted as part of his defense that B.R. had committed the crimes that he was accused of, putting identity at issue. Hence, as the alleged abuse of D.A. was close in time, as well as similar in execution, to the abuse of Y.E., we conclude that the trial court did not abuse its discretion by admitting testimony concerning the alleged abuse of D.A. as it was relevant evidence of Mr. King's identity in this case.
Mr. King also asserts that the trial court erred in concluding that substantial evidence was produced by the state showing that he had committed the acts on D.A. After reviewing the testimony before the trial court which implicated Mr. King in the abuse of D.A., we conclude that the trial court did not err in concluding that substantial evidence existed showing that Mr. King committed the acts upon D.A. Mr. King's third assignment of error is overruled.
 III.
Mr. King's four assignments of error are overruled. The verdict of the Medina County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ______________________________ WILLIAM G. BATCHELDER
REECE, J., CONCURS
(Reece, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)
CARR, P.J., CONCURS IN JUDGMENT ONLY.
[1] Mr. King did not challenge the constitutionality of Evid.R. 807 or the trial court's application of Evid.R. 807 in the trial court. Hence, Mr. King's assignment of error as it pertains to the Confrontation Clause of the Sixth Amendment to the United States Constitution was not passed upon by the trial court and is not properly before this court.