OPINION
{¶ 1} Appellant Luther Ayers appeals his conviction and sentence entered in the Guernsey County Court of Common Pleas on counts of aggravated robbery, robbery, theft, kidnapping and abduction.
 {¶ 2} Appellee is State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On or about January 14, 2005, the Short Cut store in Kimbolton, Ohio, was robbed. One man entered the store, and looked around. (T. at 131-133). He asked the clerk for directions to Kimbolton and then asked to buy a lighter. (T. at 134-135). He then stated that he had no money, and that he would be right back.
 {¶ 4} As the victim was waiting at the counter for the man to come back into the store, she heard the door slam and saw a second person coming at her. (T. at 136). The second person grabbed the victim from behind with his right hand, held a crow bar in his left hand, and told the victim to open the cash register. (T. at 138). The second person then took all of the money out of the cash register and told the victim he knew she had more money. (T. at 140). The victim advised that there was no more money in the store, the perpetrator then took her to a large cooler in the back of the store, and told her to take off her sweater. The victim complied with the request. (T. at 146-147). The perpetrator then walked outside the cooler, and it was at this point that the victim was able to see his face. (T. at 149-150). The perpetrator blocked the victim in the cooler with a cart. (T. at 150-152).
 {¶ 5} When victim was able to free herself from the cooler, she called her husband and 911. (T. at 154). Sheriff's deputies responded within ten minutes, and asked the victim numerous questions. The victim testified that they did not give her time to think before answering. (T. at 167-168).
 {¶ 6} In February 2006, Detective Pollock approached the victim at the store with two separate photographic lineups, and asked her if she could identify either of the men that were in the store on the morning of January 14, 2005. In the first lineup, the victim identified Michael Rickey, co-defendant in this case, as the man who entered the store first and asked for directions and asked to buy a lighter. In the second photo lineup, the victim identified the Defendant, Luther Ayers, as the person who actually grabbed her, robbed the store, and locked her in the cooler. (T. at 161-164).
 {¶ 7} On August 12, 2005, Appellant Luther Ayers was indicted by the grand jury on five separate counts: Aggravated Robbery, in violation of R.C. § 2911.01(A)(1); Robbery, in violation of R.C. § 2911.02(A)(1); Theft, in violation of R.C. § 2913.02; Kidnapping, in violation of R.C. § 2905.01(A)(1) and (4); and Abduction, in violation of R.C. § 2905.02(A)(2).
 {¶ 8} On November 15, 2005, the jury trial commenced in this matter.
 {¶ 9} Appellant's co-defendant Mike Rickey, who was also indicted and who entered a plea to charges of robbery, testified at the trial.
 {¶ 10} On November 17, 2005, the jury returned a verdict of guilty on all five counts of the indictment.
 {¶ 11} On December 13, 2005, at the sentencing hearing, the trial court sentenced Appellant to a stated prison term of seven years.
 {¶ 12} It is from this conviction and sentence Appellant now appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 13} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND ABUSED ITS DISCRETION BY QUESTIONING A WITNESS IN SUCH A WAY THAT IN FACT THE JUDGE TURNED INTO THE PROSECUTOR.
 {¶ 14} "II. THE ADMISSION INTO EVIDENCE OF ALLEGED SIMILAR ACTS DENIED THE ACCUSED THE RIGHT TO A FAIR TRIAL AND CONSTITUTED PLAIN ERROR.
 {¶ 15} "III. THERE WAS INSUFFICIENT EVIDENCE TO CONVICT THE ACCUSED."
 I. {¶ 16} In his first assignment of error, appellant argues that the trial court erred by questioning a witness during the trial. We disagree.
 {¶ 17} Specifically, Appellant argues that the trial judge assumed the role of the prosecutor when he asked questions of co-defendant Michael Alan Rickey.
 {¶ 18} A review of the transcript reveals the following statements made by the trial court to the jury:
 {¶ 19} "Ladies and gentlemen of the jury, Mr. Rickey was convicted in this court on Monday, the 14th of November on one count of aggravated robbery, and that aggravated robbery is the same aggravated robbery that is on trial in this case as to Count 1.
 {¶ 20} "The facts, at least the date and so forth, place, and victim are all the same. We will make inquiry at this time, and, ladies and gentlemen of the jury, I'll be making inquiry of Mr. Rickey, and then each side will have the right for cross-examination of him. You may have Mr. Rickey come to the courtroom." (T. at 231).
 {¶ 21} The trial court then began his inquires of Mr. Rickey as follows:
 {¶ 22} "THE COURT: Good morning. Would you please tell the ladies and gentlemen your name?
 {¶ 23} "THE WITNESS: Michael Alan Rickey.
 {¶ 24} "THE COURT: All right. And, Mr. Rickey, you were convicted in this court on Monday, November 14th of a crime of aggravated robbery, is that correct?
 {¶ 25} "THE WITNESS: Yes, sir.
 {¶ 26} "THE COURT: And you are currently being held in the Guernsey County Jail awaiting sentencing, which will occur November 29th, 2005, at 1 p.m.?
 {¶ 27} "THE WITNESS: Yes, sir.
 {¶ 28} "THE COURT: And under the terms of the negotiated plea in your case, which was approved by this Court, you were charged in a three-count indictment of aggravated robbery, robbery and theft. Under the terms of the negotiated plea, the count of robbery and theft was to be dismissed at sentencing. The State of Ohio, acting through the prosecuting attorney, will recommend a four-year prison sentence consecutive with the other sentences that you are now serving, or have been sentenced to, and you agree to testify truthfully in the trial of Luther Ayers, and no additional charges will be filed against you as a result of this incident. Is that an accurate statement of all terms of the negotiated plea in your case?
 {¶ 29} "THE WITNESS: Yes, sir.
 {¶ 30} "THE COURT: And have you been promised anything else?
 {¶ 31} "THE WITNESS: No, sir.
 {¶ 32} "THE COURT: Do you understand that under Ohio law, based upon the oath that you have taken and the prior testimony that you have given in this court, should you not testify truthfully, additional charges as to perjury may be filed against you?
 {¶ 33} "THE WITNESS: Yes, sir.
 {¶ 34} "THE COURT: All right. Now, I need to have you tell the ladies and gentlemen of the jury, on January 14th, 2005, were you at the cut off store located here in Guernsey County, Ohio?
 {¶ 35} "THE WITNESS: Yes, sir.
 {¶ 36} "THE COURT: And I want you to tell me how you got there, who was with you, if anyone, and what happened.
 {¶ 37} "THE WITNESS: I was driving around with Luther Ayers. We was looking for places to rob.
 {¶ 38} "THE COURT: All right. Now, Luther Ayers is the co-defendant, he is here in the courtroom, the defendant that's on trial, is that correct?" (T. at 232-233).
 {¶ 39} During a trial, "[t]he court may interrogate witnesses, in an impartial manner, whether called by itself or by a party." Evid.R. 614(B). "A court reviewing a trial court's interrogation of witnesses and comments will reverse only if the trial court abused its discretion." State v. Wasmer (Mar. 16, 1994), Jackson App. No. 714, unreported, at 8. See also, Statev. Davis (1992), 79 Ohio App.3d 450, 455, 607 N.E.2d 543.
 {¶ 40} Upon review of the above, we do not find that the trial court's interrogation of co-defendant Rickey demonstrates an abuse of discretion or lack of impartiality court.
 {¶ 41} Appellant's first assignment of error is overruled.
 II. {¶ 42} In his second assignment of error, appellant argues that the trial court erred in allowing similar acts into evidence. We disagree.
 {¶ 43} At the trial in this matter, the prosecutor elicited from co-defendant Rickey the following "other acts" testimony which implicated Appellant in a robbery in Tuscarawas County:
 {¶ 44} "Q. All right. Did you go anywhere else after that?
 {¶ 45} "A. No. We ended up going back in to New Philadelphia.
 {¶ 46} "Q. Who's we?
 {¶ 47} "A. Me and Luther Ayers.
 {¶ 48} "Q. All right. And how did you get in to New Philadelphia?
 {¶ 49} "A. The Mercury Sable.
 {¶ 50} "Q. All right. So you go to Brenda Cooper's house, hide the car, do some more drugs there, later get the car back and go in to New Philadelphia?
 {¶ 51} "A. Yes, sir.
 {¶ 52} "Q. And why was it that you went in to New Philadelphia?
 {¶ 53} "A. To rob the Tobacco Row.
 {¶ 54} "Q. Did you drive around before you went to the Tobacco Row?
 {¶ 55} "A. Yes, sir.
 {¶ 56} "Q. Did you and Mr. Ayers discuss robbing any other stores?
 {¶ 57} "A. I went to a Cash Advance place in Uhrichsville.
 {¶ 58} "Q. Did you rob that place?
 {¶ 59} "A. No. I walked in, but he was waiting in car and I told him if anybody came to beep the horn, and he beeped the horn because a gas truck pulled in, so we took off." (T. at 247-248).
 {¶ 60} Initially, we note that the decision to admit or exclude relevant evidence is within the sound discretion of the trial court. State v. Bey (1999), 85 Ohio St.3d 487, 490,709 N.E.2d 484, 490. The trial court's decision to admit or exclude relevant evidence cannot be reversed absent an abuse of that discretion. See, e.g., State v. Combs (1991),62 Ohio St.3d 278, 581 N.E.2d 1071; State v. Sage (1987), 31 Ohio St.3d 173,510 N.E.2d 343; State v. Rooker (Apr. 15, 1993), Pike App. No. 483, unreported. The term "abuse of discretion" implies more than an error of law or judgment. Rather, the term suggests that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. See, e.g., State v. Xie (1992),62 Ohio St.3d 521, 584 N.E.2d 715; State v. Montgomery (1991),61 Ohio St.3d 410, 575 N.E.2d 167. Furthermore, when applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re JaneDoe 1 (1991), 57 Ohio St.3d 135, 566 N.E.2d 1181 (citing Berkv. Matthews (1990), 53 Ohio St.3d 161, 359 N.E.2d 1301).
 {¶ 61} Evid.R. 404 sets forth a general bar against the use of character evidence. Of importance to the case sub judice, Evid.R. 404(B) provides as follows:
 {¶ 62} "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence or mistake or accident".
 {¶ 63} R.C. § 2945.59 provides: "[i]n any criminal case which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with prior or subsequent thereto, notwithstanding with such proof may show or tend to show the commission of another crime by the defendant."
 {¶ 64} R.C. § 2945.59 is to be strictly construed against the State, and to be conservatively applied by a trial court. Statev. DeMarco (1987), 31 Ohio St.3d 191, 194, 509 N.E.2d 1256.
 {¶ 65} The admissibility of other acts evidence is carefully limited because of the substantial danger that the jury will convict the defendant solely because it assumes that the defendant has a propensity to commit criminal acts, or deserves punishment regardless of whether he or she committed the crime charged in the indictment. See State v. Curry (1975),43 Ohio St.2d 66, 68, 72 O.O.2d 37, 38, 330 N.E.2d 720, 723. This danger is particularly high when the other acts are very similar to the charged offense, or of an inflammatory nature, as is certainly true in this case. State v. Schaim, 65 Ohio St.3d 51, 60,1992-Ohio-31, 600 N.E.2d 661,669.
 {¶ 66} Evidence of other acts is admissible if (1) there is substantial proof that the alleged other acts were committed by the defendant, and (2) the evidence tends to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. State v. Carter (1971),26 Ohio St.2d 79, 83, 269 N.E.2d 115, 117; State v. Lowe,69 Ohio St.3d 527, 530, 1994-Ohio-345, 634 N.E.2d 616, 619. (Citing State v.Broom (1988), 40 Ohio St.3d 277, 282-283, 533 N.E.2d 682,690-691; Evid.R. 404(B); R.C. 2945.59).
 {¶ 67} Further, the prior act must not be too remote and must be closely related in nature, time, and place to the offense charged. Schaim, 65 Ohio St.3d at 60, 600 N.E.2d at 669. A prior act which is "* * * too distant in time or too removed in method or type has no permissible probative value." State v.Snowden (1976), 49 Ohio App.2d 7, 10, 359 N.E.2d 87, 91; Statev. Burson (1974), 38 Ohio St.2d 157, 159, 67 O.O.2d 174, 175,311 N.E.2d 526, 529.
 {¶ 68} In the case at bar, the State argues that the testimony of co-defendant Rickey was properly admitted into evidence in order "to prove relevant facts, including identity, opportunity, and preparation."
 {¶ 69} Other acts may prove identity by establishing a modusoperandi applicable to the crime with which a defendant is charged. "Other acts forming a unique, identifiable plan of criminal activity are admissible to establish identity under Evid.R. 404(B)." State v. Jamison (1990), 49 Ohio St.3d 182,552 N.E.2d 180, syllabus. "`Other acts' may be introduced to establish the identity of a perpetrator by showing that he has committed similar crimes and that a distinct, identifiable scheme, plan, or system was used in the commission of the charged offense." State v. Smith (1990), 49 Ohio St.3d 137, 141,551 N.E.2d 190, 194; State v. Lowe, supra, 69 Ohio St.3d at 531,1994-Ohio-345, 634 N.E.2d at 629.
 {¶ 70} "Pattern" evidence refers to other acts evidence that is admissible when the defendant's scheme, plan, or system in doing an act is relevant at trial. Evidence of a defendant's scheme, plan, or system in doing an act can be relevant for two reasons: (1) the other acts are part of one criminal transaction such that they are inextricably related to the charged crime, and (2) a common scheme or plan tends to prove the identity of the perpetrator. State v. Curry (1975), 43 Ohio St.2d 66, 72-73,72 O.O.2d 37, 41, 330 N.E.2d 720, 725-726.
 {¶ 71} Upon review, we find that such testimony, which was not objected to at trial, tended to show identity, plan and preparation in that both the robbery in the case sub judice and the attempted robbery in Tuscarawas County both occurred on the same day, with the same two actors, both used a crow bar as a weapon, and both involved on man waiting the in the car while the other went into the store to rob it.
 {¶ 72} We further find that Appellant's failure to request a limiting instruction as to said testimony and/or his failure to object to the lack of such in the jury instructions as read by the trial court waived all but plain error as to same.
 {¶ 73} Crim.R. 52(B) states that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The Ohio Supreme Court has cautioned that "[n]otice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
 {¶ 74} Before this Court may find that the trial court committed plain error, it must be clear that, but for the alleged error, the outcome of the trial would have been different. Statev. Diaz, 9th Dist. No. 04CA008573, 2005-Ohio-3108, at ¶ 16.
 {¶ 75} Upon review the record herein, we cannot find that but for failure of the trial court to give a limiting instruction on the above testimony, the out come of the trial would have been different.
 {¶ 76} Appellant's second assignment of error is overruled.
 III. {¶ 77} In his third and final assignment of error, appellant argues that the trial his conviction was not supported by sufficient evidence. We disagree.
 {¶ 78} In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus, superseded by State constitutional amendment on other grounds in State v. Smith
(1997), 80 Ohio St.3d 89, 684 N.E.2d 668.
 {¶ 79} Specifically, an appellate court's function, when reviewing the sufficiency of the evidence to support a criminal conviction, is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.State v. Jenks, supra. This test raises a question of law and does not allow the court to weigh the evidence. State v. Martin
(1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Thompkins, 78 Ohio St.3d at 386,678 N.E.2d 541.
 {¶ 80} "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency."State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462. Thus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency. Cuyahoga Falls v. Scupholm (Dec. 13, 2000), 9th Dist. Nos. 19734 and 19735, unreported.
 {¶ 81} In the case sub judice, Appellant was convicted of Aggravated Robbery, Robbery, Theft, Kidnapping, and Abduction.
 {¶ 82} At the trial in this matter, the jury heard evidence from the following State's witnesses victim Debbie McPeak, Mike Warner, Richard McClay, Michael Alan Rickey and Ronald E. Pollock as well as defense witnesses Brenda Cooper, Joyce Van Meter. The jury also heard testimony from the Appellant.
 {¶ 83} Appellant argues that due to the inconsistencies in the testimony by some of the witnesses, namely Debbie McPeak and co-defendant Rickey, the State failed to prove the element of identity as to these charges.
 {¶ 84} Ms. McPeak's trial testimony differed from her initial statements to the police in that her later testimony contained more details and some of her color descriptions changed.
 {¶ 85} Co-defendant Rickey gave differing accounts as to his height, whether he was in fact in the Short Cut store and whether he got any money from the Tobacco Row robbery.
 {¶ 86} Defense counsel cross-examined the witnesses as to these inconsistencies and all of the inconsistencies argued in this assignment of error were laid before the jury. The jury as the fact finders had the best view of the demeanor and credibility of these witnesses.
 {¶ 87} Upon review, we find sufficient evidence, if believed, to substantiate the guilty verdicts, and no manifest miscarriage of justice.
 {¶ 88} Appellant's third assignment of error is overruled
 {¶ 89} The judgment in this case is affirmed.
Boggins, J. Wise, P.J and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Guernsey County Court of Common Pleas, is affirmed. Costs assessed to appellant.